**James Charles JONES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17371.**

Court of Criminal Appeals of Oklahoma.

July 19, 1972.

Hensley & Neuwirth, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Charles F. Alden III, Legal Intern, for appellee.

BUSSEY, Presiding Judge:

Appellant, James Charles Jones, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Comanche County, Oklahoma, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, O. B. Lord testified that on April 18, 1971, he was the co-owner of the Fieldson's Men's Store in Lawton. He testified that he closed the store the evening of the 17th and that everything appeared normal. At approximately 9:30 the following evening he was called by the police to go to the store. Upon arriving, he discovered that the grill to the air conditioning duct had been forced off and there was a hole in the ceiling. He testified that a glass display counter had been broken and various items of clothing were missing.

Officer McFarland testified that at approximately 9:40 p. m. on the evening in question, he and his partner, Officer Rogers, received an alarm call at Fieldson's Men's Fashions. On arrival, they dis-

mounted from the police unit and shook the front door of the store, which was locked. He testified that they started back to the car and he heard his partner yell something. He looked up and observed a rope hanging from the top of the roof inside the store. He observed a colored male start up the rope and then noticed another male on the roof. He testified: "And the gentleman on the roof, you couldn't tell anything about him." (Tr. 14) He testified that they returned to their police unit and radioed for assistance. Officer Rogers stayed in the front of the building and he proceeded around the other side. As he got to the back of the building, he observed "one man that would be running south in the back of the store" and the silhouette of a second man running. (Tr. 15)

Officer Rogers' testimony did not differ substantially from that of Officer McFarland.

Officer Turner testified that he received the report of a burglary at Fieldson's and proceeded to the location. As he approached the back side of the building, he observed two men running from the building. He and Sergeant Kuchynka dismounted from the vehicle and apprehended Daniel Carr approximately one-half block from the store.

Sergeant Kuchynka testified that he arrived at the store with Officer Turner. He testified that he observed two men, one of whom he identified in court as the defendant, jump from the roof and run in opposite directions. He subsequently saw the defendant, on the evening in question, in the custody of Officer Burks.

Officer Burks testified that he received a call on the radio concerning the burglary at Fieldson's. He proceeded toward Fieldson's and observed a Negro male jump down into a canal somewhere around 14th and B Streets. He testified that they gave chase and finally located him lying on his stomach behind some shrubbery. He further testified that defendant was perspiring quite a bit and breathing heavily.

Daniel Carr testified that he and the defendant went to Fieldson's on the evening in question with the purpose of breaking into it to get money. He testified that they broke into the top of the building and that defendant jumped down inside the store, breaking a glass. The defendant checked and found there was not a back door and threw two or three pairs of britches through the hole in the roof. The police arrived and he pulled the defendant through the hole. They ran in opposite directions. He had pled guilty to the burglary and received a two-year suspended sentence. Prior to going to the store, he had eaten chicken at the defendant's house.

Mary Jones, the defendant's mother, testified that on the evening in question, Daniel Carr did not eat chicken at her residence. She further testified that defendant did not take his pickup when he left and that he left alone.

Defendant testified that he left his house during the daylight hours on the evening in question, walking. A friend of his named John Johnson, picked him up and gave him a ride to an apartment where his girl friend was babysitting. He testified that he stayed there for several hours visiting and at approximately 9:00, left the apartment to go get some cigarettes. He walked to 11th Street and purchased a package of cigarettes and a coke. As he was returning to her apartment, he crossed a ravine and was standing near the apartment building when two officers came by and asked him if he had seen anyone come through there. He had a short conversation with Officer Burks who asked him if he would proceed to the police car with him. Upon arrival at the police car, Officer Burks advised him that he was under arrest. He denied helping Carr burglarize the store and denied being with Carr at any time that evening. He admitted the prior convictions.

The sole proposition asserts that the trial court erred in refusing to grant a new trial

based on newly discovered evidence. The newly discovered evidence was a police report made by Officer McFarland which stated in part as follows: "I observed a subject running south between two houses from the rear of the store. I gave chase. Upon arriving between the houses, I stopped and looked, the subject reappeared within twenty feet of my person and looked directly at me. He was 5'9" tall, had on dark clothing, and was a white male. I gave chase again running south and after two more blocks lost the subject in the yards. I returned to the store where two other officers had in custody the two Negro males who were also involved * * *." We are of the opinion that the trial court properly overruled defendant's motion for new trial. In Ward v. State, Okl.Cr., 444 P.2d 255, cert. denied, 393 U.S. 1040, 89 S.Ct. 665, 21 L.Ed.2d 588, we stated in the third and fourth syllabus:

> "A motion for new trial upon the ground of newly discovered evidence is not sufficient where it only tends to discredit or impeach the witness for the State and especially where it would not change the result of the trial.

> "The granting of a new trial on the ground of newly discovered testimony is a matter largely within the trial court's discretion and is not to be exercised except where there is reasonable probability that, if such evidence had been introduced, different results would have been reached."

We observe that had the defendant knowledge of the police report, it could have been used only to impeach the testimony of Officer McFarland and would not have changed the result of the trial. We, Therefore, find that this proposition is without merit.

The judgment and sentence is accordingly affirmed.

SIMMS and BRETT, JJ., concur.